NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3331

ROGER ELLIOTT,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

Roger Elliott, of Church Hill, Tennessee, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director. Of counsel on the brief was Barbara Sarshik, Legal Division, Federal Deposit Insurance Corporation, of Arlington, Virginia.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3331

ROGER ELLIOTT,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752990690-C-1.

_____

DECIDED:  January 6, 2009

_____

Before NEWMAN, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Roger Elliott ("Elliott") appeals from a final decision of the Merit Systems Protection Board ("Board") dismissing his petition for enforcement.  <u>Elliott v. FDIC</u>, No. DC0752990690-C-1 (M.S.P.B. Apr. 4, 2008) ("<u>2008 Decision</u>"), <u>review denied</u>, <u>Elliott v. FDIC</u>, No. DC0752990690-C-1 (M.S.P.B. Aug. 5, 2008).  Because the Board's decision is supported by substantial evidence and not contrary to law, we <u>affirm</u>.

Elliott worked as a Computer Specialist at the Federal Deposit Insurance Corporation ("FDIC" or "agency") until his removal on June 18, 1999.  He appealed his removal to the Board, which sustained his removal in an initial decision dated November

19, 1999. <u>Elliott v. FDIC</u>, No. DC0752990690-I-1 (M.S.P.B. Nov. 19, 1999) ("<u>1999 Decision</u>"). In reaching that decision, the Board sustained the agency's charges that Elliott (1) "provide[d] incorrect and false information with specific intent to defraud the agency" and (2) "engaged in inappropriate or disrespectful conduct." <u>Id.</u> at 7. The initial decision became final on August 18, 2000. Elliott then challenged his removal in several federal district courts, which ultimately dismissed his claims. After his claims were dismissed, the FDIC issued an amended Standard Form 50 "Notification of Personnel Action" ("SF-50") on June 13, 2002 indicating the following reasons for Elliott's removal: "FALSIFICATION OF OFFICIAL FEDERAL GOVERNMENT DOCUMENTS, AND INAPPROPRIATE OR DISRESPECTFUL CONDUCT." Five and a half years later, on February 20, 2008, Elliott filed a petition for enforcement with the Board, claiming that the amended SF-50 is "fraudulent and libelous." The Board denied Elliott's petition. <u>2008 Decision</u> at 3. That decision became final on August 5, 2008, and Elliott timely appealed that decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

The sole issue in this appeal is whether the amended SF-50 correctly sets forth the reasons for Elliott's removal, which were previously sustained by the Board in its 1999 decision. The Board, in 2008, answered in the affirmative, finding that the amended SF-50 correctly states the reasons for Elliott's removal. <u>2008 Decision</u> at 3. We must affirm the Board's decision unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

We see no error in the Board's 2008 decision. In challenging the amended SF-50 in this appeal, Elliott does not argue that the agency lacks the general authority to issue or amend a former employee's SF-50 to reflect the grounds for removal sustained by the Board. Rather, his sole complaint is that the reasons for removal listed on the amended SF-50 are "fraudulent and libelous." The amended SF-50 lists two reasons for Elliott's removal. Those two reasons—"FALSIFICATION OF OFFICIAL FEDERAL GOVERNMENT DOCUMENTS, AND INAPPROPRIATE OR DISRESPECTFUL CONDUCT"—correspond nearly verbatim to the FDIC's two charges sustained in the Board's 1999 decision: (1) "provid[ing] incorrect and false information with specific intent to defraud the agency," and (2) "engag[ing] in inappropriate or disrespectful conduct." 1999 Decision at 7. Accordingly, the Board's conclusion that the amended SF-50 correctly states the reasons for Elliott's removal is supported by substantial evidence and is not contrary to law.

For the foregoing reasons, we affirm.